IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PATRICIA A. TORRE, an individual;

Plaintiff,

vs.

NORTHROP GRUMMAN SYSTEMS
CORP., a Delaware Corporation;

Defendant.

8:13CV319

MEMORANDUM
AND ORDER

This matter is before the court on Defendant's motion to compel. ([Filing No. 39](#)). Defendant requests an order compelling Plaintiff to fully respond to Interrogatories 3, 4, & 5 in Defendant's First Set of Interrogatories. For the reasons stated below, the motion will be granted.

BACKGROUND

Plaintiff Patricia Torre filed her complaint against Northrop Grumman Systems Corp. ("Northrop Grumman") on September 19, 2013 alleging she was subject to unlawful employment practices and retaliation in violation of the Nebraska Fair Employment Practices Act. ([Filing No. 1 at CM/ECF p. 1](#)). Plaintiff filed an amended complaint on May 5, 2014. ([Filing No. 13](#)). The parties began discovery in July of 2015. On July 24, 2015, Defendant served its First Set of Interrogatories. Defendant's Interrogatories no. 3, 4, and 5 state:

> **Interrogatory No. 3:** Please describe in detail each act of retaliation that you allege the Defendant engaged in against you and for each act that you allege, please set forth the following:
> (a) the nature of each act of retaliation;
> (b) the date of each act of retaliation;
> (c) the name of the person whose actions were retaliatory; and
> (d) the adverse employment action you suffered as a result.

**Interrogatory No. 4:** To the extent you are alleging gender discrimination, please describe in detail each act of discrimination based on gender that you allege the Defendant engaged in against you or against other individuals referenced in the Amended Complaint, and for each act that you allege, please set forth the following:
(a) the nature of each act of discrimination including why you contend such act was based on gender;
(b) the date of each act of discrimination;
(c) the name of the person whose actions were discrimination; and
(d) the identity of any other individual that Defendant treated differently under similar circumstances.

**Interrogatory No. 5:** Please describe in detail each act of sexual harassment that you allege the Defendant engaged in against you or against other individuals referenced in the Amended Complaint, and for each act that you allege, please set forth the following:
(a) the nature of each act of sexual harassment;
(b) the date of each act of sexual harassment;
(c) the name of the person whose actions amounted to sexual harassment; and
(d) the term, condition or privilege of your employment that was affected as a result of the sexual harassment.

([Filing No. 41-2](Filing No. 41-2)). Plaintiff responded to Defendant's Interrogatories on or about October 16, 2015. On November 5, 2015, Defendant alerted Plaintiff of deficiencies in the answers to the Interrogatories. Plaintiff agreed to supplement her responses and on November 11, 2015, Defendant received Plaintiff's supplemental responses. Plaintiff supplemented her original answers by listing numerous bates numbers to documents.

Defendant argues Plaintiff's answers and supplemental answers to Interrogatories 3, 4, and 5 merely provided general statements or referenced documents when the responses required specific information. Plaintiff argues that by pinpointing documents with information relevant to the question, Plaintiff has satisfied the required answer. She also states that she should not be expected to compile and characterize the statements by Northrop Grumman employees.

ANALYSIS

Rule 26 governs the general rules of discovery. See Fed. R. Civ. P. 26. Rule 26(b) provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 33 governs interrogatories and provides "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." Fed. R. Civ. P. 33(a)(2). Interrogatories may be responded to by specifying records to be reviewed if the answer may be determined by examining the document *and* if the burden of deriving the answer "will be substantially the same for either party[.]" Fed. R. Civ. P. 33(d).

Defendant argues that Interrogatories 3, 4, and 5 are contention interrogatories; that is, these interrogatories ask Plaintiff to explain which facts she believes give rise to her claims. Defendant therefore argues Plaintiff's reference to documents as a means of response is inappropriate and not allowed by law. (See Filing No. 40 at CM/ECF pp. 4–6). Plaintiff argues the interrogatories merely request objective information and as such, they are not contention interrogatories and her reference to documents is an appropriate response.

The term "contention interrogatories," provided for in Rule 33 has not been consistently defined or applied.

> [One] kind of question that some people put into the category "contention interrogatory" asks an opposing party to state all the facts on which it bases some specified contention. Yet another form of this category of interrogatory asks an opponent to state all the evidence on which it bases some specified contention. Some contention interrogatories ask the responding party to take a position then to explain or defend that position, with respect to how the law applies to facts.

Gilmore v. City of Minneapolis, 2014 WL 4722488, Case No. 13-1019 (D. Minn., Sept. 22, 2014) (citing In re Convergent Technologies Securities Litigation, 10 F.R.D. 328, 332 (N.D. Cal. 1985) (emphasis omitted). Providing or identifying records or documents from which an answer can be derived is typically not an appropriate response for contention interrogatories. See U.S. S.E.C. v. Elfindepan, S.A., 206 F.R.D 574, 577 n.5 (M.D.N.C. 2002) (holding "[o]nly plaintiff can identify its own contentions and the burden on defendants to try and divine plaintiff's contentions from documents obviously imposes a greatly unequal burden on defendants.").

Interrogatories 3, 4, and 5 request Plaintiff to state all the facts on which she bases her claims. For example, in Interrogatory No. 3, the defendant directs the plaintiff to describe each act of retaliation that she alleges Defendant engaged in and then further requests specific information regarding act (the nature, date, actors, etc.). (See Filing No. 41-2 at CM/ECF p. 3). While Plaintiff argues each of these questions is objective and can be answered by referencing the pin-pointed documents, the court disagrees. Only Plaintiff can explain how she interprets the information described in these emails and why she contends they were acts of retaliation, discrimination, or harassment. Forcing Defendant to examine and decipher the documents and then to speculate how Plaintiff interprets each event imposes a burden on Defendant that is inconsistent with Rule 33(d). [1]

After examining Plaintiff's answers and supplemental answers to Interrogatories 3, 4, and 5, the court finds that Plaintiff has failed to respond to the

---

[1] Although Plaintiff argues she should "not be expected to compile and characterize the statements by NG employees," (Filing No. 42 at CM/ECF p. 3), Plaintiff carries the burden of proving her claims. Defendant is not asking the Plaintiff to characterize every statement made by Defendant but merely to describe the acts giving rise to her claims, which is consistent with her burden.

Interrogatories as posed.[2]  To the best of her ability, Plaintiff shall fully answer these interrogatories by describing with specificity the facts, actions, and omissions that she contends constituted harassment, discrimination, or retaliation.

Discovery is intended to make trial "less of a game of the blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."  United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1958).  Contention interrogatories like those posed by can be extremely useful in narrowing and sharpening the issues, which is a major purpose of discovery.  For these and the above described reasons, this court will grant Defendant's motion.

IT IS ORDERED that Defendant's motion to compel, (Filing No. 39), is granted.

Dated this 26th day of January, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[2] The court notes that a majority of Plaintiff's answers to these interrogatories simply recited the facts alleged in Plaintiff's Amended Complaint.  (Compare Filing No. 13 at CM/ECF pp. 9–13 and Filing No. 41-3 at CM/ECF pp. 5–8).  Plaintiff is cautioned that conclusory statements and generalities are not sufficient responses to Defendant's discovery.

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.